UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BETTY J. DUMAS and JEROME J. CASIMIR, | ) | |
| | ) | |
| Plaintiffs, | ) | 10 C 7684 |
| | ) | |
| vs. | ) | Judge Feinerman |
| | ) | |
| CHARLES DECKER, KENNETH R. ROCHMAN, | ) | |
| SABRE GROUP, LLC, JASON A. BAUMBACH, and | ) | |
| OPTIMUM FINANCIAL, INC., | ) | |
| | ) | |
| Defendants. | ) | |

### Memorandum Opinion and Order

Plaintiffs Betty J. Dumas and Jerome J. Casimir brought this suit against Charles Decker, Kenneth R. Rochman, Sabre Group, LLC, Jason A. Baumbach, and Optimum Financial, Inc., alleging violations of 42 U.S.C. §§ 1981 and 1983, the Illinois Consumer Fraud and Deceptive Practices Act ("ICFA"), 815 ILCS 505/1 *et seq*., and the Uniform Deceptive Trade Practices Act ("DTPA"), 815 ILCS 510/1 *et seq*. Defendants moved to dismiss the case under Federal Rules of Civil Procedure 12(b)(1), 12(b)(4), and 12(b)(5). The court denied the Rule 12(b)(1) motion for reasons stated on the record during the presentment hearing. The parties then briefed the remaining issues. For the following reasons, the case is dismissed under Rules 4(m) and 12(b)(5).

On December 2, 2010, Plaintiffs submitted their complaint and filed an application for leave to proceed *in forma pauperis*. Docs. 1, 5. The *in forma pauperis* application was denied a week later because it was incomplete. Doc. 6. On January 6, 2011, Plaintiffs paid the $350 filing fee, and the complaint was deemed filed as of that date. Docs. 10, 15. On January 11,

2011, Plaintiffs moved the court to order the Clerk to issue summons to Defendants. Doc. 11.

The court denied that motion, stating: "[B]ecause Plaintiffs are not in forma pauperis, they are

obligated to ensure that Defendants are served with summons. Plaintiffs may contact the Clerk's

Office to obtain the appropriate forms." Doc. 14. Summons were issued on January 21, 2011.

Doc. 16.

Nothing happened for nearly three months. On April 17, 2011, the court set a status

hearing for May 11, 2011. Doc. 17. On May 9, 2011, Plaintiffs moved under Rule 4(m) to

enlarge by ninety days the time for serving summons. Doc. 18. The court granted the motion,

extending the time to effectuate service to July 6, 2011; in so doing, the court stated: "Plaintiffs

are cautioned that merely sending Defendants the waiver of summons form does not effectuate

service, and that if Defendants do not waive [service of] summons, actual service must be

effectuated." Doc. 21. On July 6, 2011, Plaintiffs filed their second motion to extend the time

for serving summons, this time for forty-five days. Doc. 22. The court granted the motion,

extending the deadline to August 19, 2011, and expressing warning: "This is the final extension

that will be granted for effectuating service." Doc. 24.

At a status hearing on August 25, 2011, Plaintiff Casimir told the court that summons had

been served on all Defendants. Doc. 25. That day, Plaintiffs filed the executed returns. Docs.

26-30. The returns indicate that Plaintiff Casimir purported to serve the summonses on August

17, 2011. *Ibid*. The returns say that for each defendant, summons was served on Heather

Ottenfeld at 120 West Madison, Suite 918, Chicago, Illinois, who is identified as "Attorney at

staff at their Chicago area office" and "Attorney of Record at Chicago area office." *Ibid*. The

returns *also* say that each summons was served "personally upon the defendant," and *also* that

-2-

copies were left at each defendant's "dwelling house or usual place of abode with a person of suitable age and discretion then residing therein." *Ibid*.

Defendants somehow caught wind of this case, made their appearance, and moved to dismiss on several grounds, including under Rule 12(b)(5) for improper service. Doc. 34. Rule 12(b)(5) provides that a defendant may seek dismissal for "insufficient service of process." Fed. R. Civ. P. 12(b)(5). When a defendant challenges the sufficiency of service, the plaintiff bears the burden of demonstrating that proper service occurred. *See Cardenas v. City of Chicago*, 646 F.3d 1001, 1005 (7th Cir. 2011); *Homer v. Jones-Bey*, 415 F.3d 748, 754 (7th Cir. 2005); *Falconer v. Gibsons Rest. Grp., LLC*, 2011 WL 43023, at *1 (N.D. Ill. Jan. 6, 2011). In determining whether summons was personally served, the court may consider affidavits, other documentary evidence, depositions, and oral testimony. *See Falconer*, 2011 WL 43023, at *1; 5B Wright & Miller, Federal Practice and Procedure § 1353, at 344-45 (3d ed. 2004). Neither party requested an evidentiary hearing, so the motion will be resolved based on the parties' briefs and attached evidentiary materials.

It is beyond dispute that service was improper in at least two respects. First, Casimir served the summonses. Because Casimir is a plaintiff, this violated Rule 4(c)(2), which states: "Any person who is at least 18 years old *and not a party* may serve a summons and complaint." Fed. R. Civ. P. 4(c)(2) (emphasis added); *see Constien v. United States*, 628 F.3d 1207, 1213-15 (10th Cir. 2010); *Gharb v. Rockwell Automation*, 2011 WL 5373989, at *3 (N.D. Ill. Nov. 4, 2011). Second, Defendants were not served by the means permitted by Rule 4(e) (for the individual defendants) or Rule 4(h) (for the entity defendants). Plaintiffs do not argue otherwise, so it suffices to say that the record evidence conclusively shows—contrary to the sworn returns of service—that the individual defendants did not dwell at the place of service, that the entity

defendants were not located at the place of service, and that Ottenfeld was not authorized to accept service on behalf of any of the defendants.  Doc. 34-2 (declarations of Heather Ottenfeld and the three individual defendants); *see Hu v. Schurman*, 2009 WL 2382234, at *2 (C.D. Ill. July 29, 2009) (granting 12(b)(5) motion where defendant averred that he was not properly served and where return of service suffered from "inconsistencies").

Rule 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).  The court twice extended the time for service under Rule 4(m).  Docs. 21, 24.  The extensions were for 135 days—longer than the initial 120-day period—and the second order warned that the second extension was final.  Plaintiffs' failure to properly effectuate service by the date set forth in the second order warrants dismissal of all five defendants, and thus of this suit.  *See Cardenas*, 646 F.3d at 1005-07; *Troxell v. Fedders of N. Am., Inc.*, 160 F.3d 381 (7th Cir. 1998); *Falconer v. Gibsons Rest. Grp., LLC*, 2011 WL 833613, at *3-4 (N.D. Ill. Mar. 4, 2011).

Plaintiffs oppose this result not by arguing that service was proper, but by requesting a third extension to serve summons.  When presented with an extension request under Rule 4(m), "a district court must first inquire whether a plaintiff has established good cause for failing to effect timely service.  If good cause is shown, the court *shall* extend the time for service for an appropriate period."  *Panaras v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 340 (7th Cir. 1996). "If, however, good cause does not exist, the court may, in its discretion, either dismiss the action without prejudice or direct that service be effected within a specified time."  *Ibid*.

-4-

Plaintiffs say they had good cause for failing to effect timely service. With respect to the Rule 4(c)(2) violation, Plaintiffs claim that they mistakenly interpreted the court's orders extending the time for service to have authorized Casimir to serve the summonses himself. Doc. 44 at 6. Plaintiffs do not support this claim with an affidavit or other evidence; the claim is implausible in any event, as the extension orders cannot conceivably be interpreted to override Rule 4(c)(2) and authorize Casimir to effectuate service himself. Plaintiffs also maintain that Defendants "ha[ve] a pattern of hiding their identity and list a P.O. Box for the address of 'Sabre Group' in Carbondale, and offices for Sabre in Chicago and Carbondale Illinois are listed as 'S.I. Security', its very confusing as to who they are." *Id*. at 8. Plaintiffs provide no evidence to support their charge that Defendants were attempting to hide their identities or addresses. Indeed, a search conducted on the Illinois Secretary of State's website (www.cyberdriveillinois.com) reveals a street address and registered agent for both entity defendants. Had Plaintiffs conducted that search, which takes a couple of minutes at most, they could have obtained Optimum's and Sabre's business addresses—and also the addresses of Baumbach and Rochman, two of the individual defendants, who are listed as registered agents of Optimum and Sabre, respectively. Given the circumstances, Plaintiffs have not shown the "good cause" necessary for a mandatory third extension under Rule 4(m). *See Rose v. U.S. Postal Serv.*, 352 F. App'x 82, 84 (7th Cir. 2009) (holding under comparable circumstances that the pro se plaintiff failed to establish good cause under Rule 4(m), reasoning that "neither a party's pro se status nor his inexperience as a litigant excuse him from complying with the requirements of Rule 4(m)"); *Stone v. Chi. Inv. Grp., LLC*, 2011 WL 6841817, at *6 (N.D. Ill. Dec. 29, 2011) ("Typically, to constitute good cause for the extension of the service period under Rule 4(m), the

plaintiff must show a valid reason for delay, such as the defendant's evading service.") (internal

quotation marks omitted).

Because there is no good cause, the court must decide as a discretionary matter whether

to dismiss the case or grant a further extension. *See Coleman v. Milwaukee Bd. of Sch. Dirs.*,

290 F.3d 932, 934 (7th Cir. 2002). Some factors that guide the court's discretion include: "(1)

whether the expiration of a statute of limitations during the pending action would prevent

refiling, (2) whether the defendant evaded service, (3) whether the defendant's ability to defend

would be prejudiced by an extension, (4) whether the defendant had actual notice of the lawsuit,

and (5) whether the defendant was eventually served." *Cardenas*, 646 F.3d at 1006. Plaintiffs

cite the first, third, and fourth factors in arguing for a permissive extension here.

The court acknowledges these factors and the statute of limitations issue in particular.

The parties seem to believe that Plaintiffs' claims accrued on December 2, 2008. Doc. 34 at 7;

Doc. 44 at 5, 7. The § 1983 claim is subject to a two-year statute of limitations. *See Savory v.*

*Lyons*, 469 F.3d 667, 672 (7th Cir. 2006). Plaintiffs assume that the § 1981 claim is subject to a

two-year limitations period. That may or may not be correct; whether the statute of limitations

for a § 1981 claim is two years or four years turns on the nature of the claim, *see Dandy v.*

*United Parcel Serv., Inc.*, 388 F.3d 263, 269 (7th Cir. 2004), and it is impossible to tell from the

complaint on what side of the line Plaintiffs' claim falls. The ICFA and DTPA claims are

subject to a three-year statute of limitations. *See* 815 ILCS 505/10a(e) (ICFA); *McCready v.*

*White*, 888 N.E.702, 710 (Ill. App. 2008) (DTPA). Because Plaintiffs did not file this suit until

December 2, 2010, which appears to have been the very last day of the limitations period for the

§§ 1981 and 1983 claims, dismissal likely would be fatal to those claims. The same holds for

the ICFA and DTPA claims; Defendants' motion to dismiss was not fully briefed until well after

-6-

December 2, 2011, the date the three-year limitations period for those claims appears to have expired.

The Seventh Circuit recently held that the possibility or even the likelihood that a statute of limitations will bar the refiling of claims "neither require[s] nor justifie[s] an extension" under Rule 4(m). *Cardenas*, 646 F.3d at 1006. An extension is neither required nor justified in this case. The limitations problem is largely, if not entirely, of Plaintiffs' own making. They waited until what appears to have been the last day of the §§ 1981 and 1983 limitations period to file this suit, sought and obtained two extensions for serving summons on Defendants—extensions that Plaintiffs justified by pointing to the limitations problem, Doc. 18 at 2-3—and then, after being granted a final extension, waited until nearly the last possible moment to attempt to serve summons. And then the motion practice arising from Plaintiffs' failure to properly serve Defendants extended past what appears to be the limitations period for the ICFA and DTPA claims. Plaintiffs' lack of diligence counsels heavily against a discretionary extension and far outweighs the factors, including the bar likely posed by the relevant statutes of limitations, that otherwise might justify an extension. *See Cardenas*, 646 F.3d at 1007 ("even if the balance of hardships appears to favor an extension, the district court retain[s] its discretion to hold the Plaintiffs accountable for their actions—or, more accurately, inaction—by dismissing the case"); *Coleman*, 290 F.3d at 934 (same).

Further weighing against a discretionary extension is the fact that the returns of service filed by Plaintiffs are internally inconsistent and plainly false in part. The returns aver that service was accomplished by three mutually exclusive means—by personal service on the defendants, by leaving the summons at the individual defendants' dwelling house or usual place of abode, and by leaving the summonses with an individual claimed by the returns to be

-7-

Defendants' attorney. Service cannot have been accomplished by all three means, and the individual defendants could not possibly have been served by abode service, given that the place of service was an office. At the presentment hearing, the court raised the inconsistency issue with Plaintiffs, yet Plaintiffs did not even mention the issue in their response brief, let alone acknowledge the inconsistency or offer an explanation. To grant a third extension under these circumstances would reward Plaintiffs for their lack of diligence, for waiting until the last moment to attempt to serve summons, and for filing patently false returns just before the deadline for service expired. *See Falconer*, 2011 WL 833613, at *3-4 (holding that a Rule 4(m) extension would be inappropriate where the plaintiff filed false returns of service).

For the foregoing reasons, Defendants' motion to dismiss is granted. The case is dismissed without prejudice. *See Cardenas*, 646 F.3d at 1007 ("A dismissal pursuant to a Rule 12(b)(5) motion ordinarily should be entered without prejudice."); Fed. R. Civ. P. 4(m) (allowing for a dismissal "without prejudice"). As noted above, the dismissal likely will have the practical effect of a dismissal with prejudice as to claims for which the statutes of limitations have run. *See Cardenas*, 646 F.3d at 1007-08. But a dismissal without prejudice remains appropriate because the court cannot foreclose the possibility that Plaintiffs have claims for which the application limitations period has not yet expired.

May 16, 2012

_____
United States District Judge